**BERNHEISEL v INDUST. COMM.**

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6085. Decided February, 1942.

**496**

B. Wm. Heidkamp, Cincinnati, and William Isaacs, Cincinnati, for appellee.

Thomas J. Herbert, Columbus, E. P. Felker, Cincinnati, and Edward A. Schott, Cincinnati, for appellant.

**OPINION**

BY THE COURT:

Appeal on questions of law.

The issue presented to the jury was: Did the decedent, George Bernheisel, receive an accidental injury in the course of and arising out of his employment? The jury found that he did, and returned a verdict in favor of the claimant.

Motions were made by defendant Commission during the trial for a directed verdict and motions were made for judgment non obstante and for a new trial, all of which motions were overruled by the trial court. The action of the court on said motions is the ground of error assigned in this appeal.

The question here is: Was there any substantial evidence to support the claim of an injury received in the course of and growing out of the employment?

The rules of law applicable are well settled in Ohio by a long line of decisions by our Supreme Court and are best summarized in **Goodman v Industrial Commission, 135 Oh St 81**, on the meaning of the term "injury", the court saying in the opinion: "The meaning of the term injury as used in the constitution and statutes, to be physical or traumatic injuries, accidental in their origin and cause."

The record is that George S. Bernheisel, deceased, a brother of claimant, an admitted dependent, was working for the Cincinnati Times Star Company, and on January 7th, 1939, he, while working in the plant fell backward to the floor and was unconscious when picked up, and that the next day he died. The cause of death, after medical examination and an autopsy, was given as chronic valvular heart disease and chronic endocarditis.

The evidence as to what happened at the time of the accident is fully given by Clifford J. Knosp, a fellow employee (which evidence is corroborated by other employees, and not disputed or enlarged upon) is as follows:

CLIFFORD J. KNOSP,

being duly sworn, as provided by law, testified as follows:

Direct examination by Mr. Lutz:

(Read by Mr. Schott)

Q. Will you state your name, please?

A. Clifford J. Knosp.

Q. And your address, Mr. Knosp?

A. 4012 Herron Avenue, Cincinnati.

Q. I will ask you whether or not you were in the employ of the Cincinnati Times Star on January 7, 1938?

A. Yes, sir.

Q. Were you acquainted with Mr. George Bernheisel?

A. Yes, sir.

Q. Do you know whether Mr. Bernheisel was also in the employ of the Cincinnati Times Star on that date?

A. He was.

Q. I will ask you to state in your own words, Mr. Knosp, what, if anything happened that day?

A. Well, he was over at his regular stand of employment and I was running a proof desk at the time, the markets were running, the New York Stock Markets, and as the man that is operating the proof press, I would usually take the proof and hand it to the proof readers and I noticed Mr. Bernheisel go past and his face was rather white and he walked about thirty feet, as though he was going to the rear of the building, and he turned quickly and came back and in the meantime I had turned my back to hand some proof to the proof reader and I heard a commotion and saw him lying on the floor. I immediately went to the first aid and with that he came

to and he says, 'what happened, I am all right', and I tried to prevail on him to take it easy and he insisted on going over to his stand, so we walked him over there and sat him in a chair, and in the meantime I kept my eye on him and noticed a bunch of fellows come over and ask him what was the matter and I thought it best to take him away from there and take him to the rear of the building, to the part where Mr. Schwenker works and Harvey Ross was also at the time, and I said, 'Come on, Harvey, let's walk him back there', and we started and went about fifty feet and I noticed he kind of reeled a little, and I said to Harvey, 'let's pick him up and carry him'; well, I took his arm and right hand and his one leg and Harvey did the same thing, and he protested and said he didn't—he protested against us carrying him, he wanted to walk. We took him back to the room and asked him to lie on the table for a while and we would call a doctor, and he said, 'I am all right'. And after seeing that he was comfortable and all, I asked Mr. Schwenker to take care of him and see if he needed anything, and in the meantime we called a doctor and I went back to my job of taking care of the proof desk and, of course, I left then at three o'clock and Mr. Bernheisel, as I was told, stayed there. What I was going to say is, quitting time, I don't recall whether it was 3:45 or 4:00 o'clock.

Q. But you left at what time?

A. At three o'clock and he stayed there longer than I did.

Q. Did you apply any first aid treatment to Mr. Bernheisel?

A. That is, when he was lying on the floor?

Q. Yes.

A. Well, I immediately started to rub his wrists.

Q. What was the nature of that first aid treatment?

A. I grabbed his wrists and started to rub his wrists and opened his shirt.

Q. Did you notice his head?

A. I didn't notice particularly; I didn't notice his head because he came out of it right away.

Q. Just answer the questions I ask you Mr. Knosp. Did you notice whether or not there was any bumps, cuts, bruises or abraision on his head?

A. I didn't see any."

It is clear that the proof is not sufficient to establish facts to prove a compensable injury. There is medical testimony to the effect that with chronic valvular heart trouble the fall might cause a shock that would accelerate the heart trouble and thus cause death. It would be necessary to infer that the fall was caused by something other than his heart condition, of which there is no proof, and then infer that the fall caused a shock and that the shock accelerated his heart condition causing his death the next day. Inference upon inference is not proof on which to base a recovery.

Our conclusion is that there is no probative evidence to establish that the death of George Bernheisel was caused by an injury growing out of and arising in the course of his employment, therefore, claimant, a dependent, is not entitled to participate in the state insurance fund.

The trial court erred in overruling defendant's motion for an instructed verdict and in overruling defendant's motion for judgment non obstante veredicto.

The judgment of the Court of Common Pleas is reversed and judgment may be entered here for the defendant.

MATTHEWS. PJ., HAMILTON & ROSS, JJ., concur.